# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 2, 2007

132967

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DARRIN ANDREW HENRY,
      Defendant-Appellee.

SC: 132967
COA: 266153
Wayne CC: 05-007353-01

_____/

On order of the Court, the application for leave to appeal the December 19, 2006, judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, REINSTATE the charges against defendant, and REMAND this case to the Wayne Circuit Court for further proceedings.

The court plainly erred in holding that defendant did not abandon the bag he was carrying for purposes of the Fourth Amendment. Fourth Amendment abandonment is distinguishable from abandonment in the property law context:

> The test for abandonment in the search and seizure context is distinct from the property law notion of abandonment: *it is possible for a person to retain a property interest in an item, but nonetheless to relinquish his or her reasonable expectation of privacy in the object.* See, e.g., *United States v Colbert*, 474 F2d 174, 176 (CA 5, 1973). [*People v Mamon*, 435 Mich 1, 6-7; 457 NW2d 623 (1990) (emphasis added), quoting *United States v Thomas*, 864 F2d 843, 845-846 (CA DC, 1989).]

Thus, while abandonment in the property law context looks to whether the person relinquished his *ownership* interest in the property, abandonment under the Fourth Amendment inquires whether "the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy [in it]." *Colbert, supra* at 176.

In this case, defendant placed a bag containing illegally copied recordings on an electric box attached to a utility pole when he saw an unmarked police car approaching him. In doing so, defendant left the bag in a public place where any passerby could have access to it. Defendant thus voluntarily "left behind or otherwise relinquished his interest" in the bag. He had no reasonable expectation of privacy in the bag once he abandoned it by the pole. *Colbert*, *supra* at 176. Moreover, he did not object or assert his ownership when the police officer walked over to the bag and looked inside. Defendant's silence reflects his intent to distance himself from any connection with the bag when he set it down.

The Court of Appeals also erred in holding that the prosecution must establish that defendant "*unquestionably* relinquished any expectation of privacy in the bag." (Slip op at 2, emphasis added.) Although this Court noted in *Mamon, supra* at 7, that "the defendant unquestionably relinquished any expectation of privacy in the bag [he had been carrying]," it did not hold that a standard of proof beyond all doubt was necessary to show abandonment.

Accordingly, we reverse the judgment of the Court of Appeals, reinstate the charges against defendant, and remand to the trial court for further proceedings consistent with this order.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 2, 2007

Clerk

t0425